THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 06-0253 (EGS) |
| v. | ) | |
| | ) | |
| PRINCE ANTHONY BLAKE | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Mr. Prince Blake, through his counsel, Rita Bosworth, Assistant Federal Public Defender, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Blake respectfully asks the Court to sentence him to a period of incarceration of time served.

### BACKGROUND

Mr. Blake was arrested on July 21, 2006. Mr. Blake promptly informed the government of his intention to plead guilty. On August 31, 2006, a one-count Information was filed, charging Mr. Blake with Unlawful Re-entry of a Removed Alien pursuant to 8 U.S.C. §§ 1326. He then pled guilty to the Information on September 15, 2006, and he is scheduled to be sentenced on December 14, 2006.

### DISCUSSION

**I.  THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005)

1

(Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of <u>Booker</u>, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following <u>Booker</u> courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. BLAKE SHOULD RECEIVE A SENTENCE OF INCARCERATION OF TIME SERVED.**

A.     <u>Statutory Provisions</u>

Pursuant to the applicable statutes, the probation office has determined that the maximum term of imprisonment is ten years. 8 U.S.C. §§ 1326 (a) and (b)(1).

  B.     <u>Advisory Sentencing Guidelines</u>

The Probation Office, consulting the 2006 edition of the <u>Guidelines Manual</u>, has concluded that the total offense level in this case is 6 and that Mr. Blake's criminal history category is II, resulting in an advisory Guideline range of 1-7 months.

   <u>C. Other Factors</u>

   As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should

consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. Blake in no way wishes to diminish the seriousness of the offense, he notes that it was brought about by desperation and economic necessity. Mr. Blake came to the United States legally with his family when he was only 11 years old. His family hoped to find opportunity and financial security in the United States, which they did not have access to in Jamaica. When Mr. Blake was sent back to Jamaica in 1999, he found that nothing had changed. By this time he had a family of his own to support, and he still was unable to secure any job that would allow him to adequately care for them. The circumstances were so bad for him in Jamaica that he came back to the United States, despite the associated risks. He worked here doing home improvement, landscaping, and other minimum wage jobs, and he sent money back to his son and her mother in Jamaica.

The offense with which Mr. Blake is charged in this case is a "status crime." Mr. Blake readily accepted responsibility for his immigration-related offense and informed the government in a timely fashion of his intention to plead guilty in the case. Mr. Blake submits that the nature of the offense as a status crime and the fact that he it is not a violent crime or a drug related offense are relevant considerations for his sentencing.

*II. Characteristics of the Defendant*

Mr. Blake is a hard-working individual who has consistently maintained employment and complied with his familial responsibilities. Despite having re-entered this country without permission, he began working soon after he arrived not only to maintain himself but to better provide for his family and children.

While Mr. Blake does have a prior record, almost all of his convictions took place over ten years ago. Mr. Blake has grown up since he was last in the United States and has expressed a desire to comply with all of his court obligations and then return to Jamaica where he intends to stay put. He will care for his child in Jamaica and attempt to make a home for himself there, despite the economic and political unrest that caused him to leave in the first place.

*III. Needs of the Community and Public*

With respect to this illegal re-entry charge, further incarceration will do nothing to protect the public from harm and, arguably, will prove a drain on society. According to Bureau of Prison estimates, the annual cost of incarcerating a federal inmate is approximately $23,000-$24,000. Especially in light of the fact that, upon his release, Mr. Blake will not have the opportunity to contribute to the society and economy of the United States, the costs associated with incarcerating him at all are quite significant. Mr. Blake has already served four months in prison,

which is half of his guideline range, so it would be both practical and just to sentence him to time served.

Furthermore, in light of the detainer filed against Mr. Blake by the immigration authorities, Mr. Blake faces continued confinement even after the completion of his Court-imposed sentence. Due to problems involving placement and resources, there are likely to be delays with respect to his deportation. As a practical reality, therefore, Mr. Blake is likely to be confined for a period significantly longer than that ordered by the Court.

Finally, while the U.S. community will certainly not suffer from Mr. Blake's release following his sentence, his family in Jamaica will suffer significantly from his continued detention.

*IV. Appropriate Sentence*

The most appropriate sentence in this case would be time served.  Mr. Blake's guideline range is 1-7 months, and at the time of sentencing, he will have served almost 5 months, which is more than half of his guideline range.[1] Given that he immediately accepted responsibility and has caused this process to run as smoothly as possible, this is certainly more than adequate.  In addition, he will likely be detained for at least 4-6 additional weeks with immigration services after his sentence here is complete, which would put him at the high end of his guideline range despite the fact that he has been so cooperative.  As such, Mr. Blake respectfully submits that a

---

[1] Even if the Court agrees with the government that Mr. Blake's guideline range is 8-14 months, Mr. Blake still submits that a sentence of time served is warranted under 3553(a) due to: (1) the additional time he will spend in an immigration facility prior to deportation, (2) Mr. Blake's cooperation and acceptance of responsibility; (3) the nature of the crime, which was neither violent nor involving drugs or guns, and (4) the hardship imposed on his family while he is incarcerated.

sentence of time served will satisfy all the purposes of sentencing.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Blake asks the Court to sentence him to a period of incarceration of time served. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.134